# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS H. GRIMSTAD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:     07-8029** |
| **AMICA MUTUAL INSURANCE COMPANY** | **SECTION: "B" (4)** |

## ORDER

Before the Court is a **Motion For Reconsideration (R. Doc. 18)** filed by the Defendant, Amica Mutual Insurance Company ("Amica"), seeking an Order from this Court reconsidering its prior Order (R. Doc. 17), which denied its Motion To Compel and To Deem Requests For Admission of Fact Admitted.  (R. Doc. 13).  The motion was heard without oral argument on Wednesday, March 4, 2009.

On February 2, 2009, the Court issued an Order denying Amica's Motion To Compel and To Deem Request for Admission of Fact Admitted, on the grounds that Amica failed to attach the discovery requests for the Court's consideration as required by Local Rule 7.4.  (*See* R. Doc. 17, pp. 2-3.)  The Court also noted that Amica had failed to attach a letter supporting its contention that it noticed the Rule 37.1E discovery conference in accordance with the Local Rules.  (R. Doc. 17, p. 2.)

The Federal Rules of Civil Procedure ("Rules") do not formally recognize a motion to reconsider.  *Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir.1985).  However, the Fifth Circuit treats motions to reconsider as either motions to alter or amend judgment pursuant to Rule 59(e) or motions for relief from judgment pursuant to Rule 60, depending upon the time at

which the motion is filed. *Lavespere v. Niagra Machine & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). A motion for reconsideration is analyzed under Rule 59(e) if it is served within ten (10) days of the court's ruling, otherwise, it is analyzed under Rule 60(b) if it is served after that time. *Id.* Here, Amica filed its motion for reconsideration less than ten (10) days after the Court's Order[1].

In the subject Motion For Reconsideration, Amica points out that it "did file into evidence the Interrogatories and Request for Production of Documents." (R. Doc. 18, p. 1. *See also* R. Doc. 14-2.) Amica concedes that it had failed to properly attach these documents as exhibits to its Motion To Compel. (R. Doc. 18, p. 1.) Amica notes, however, that prior to the Court's ruling on the Motion To Compel, it requested and was granted leave of Court to file the discovery requests as exhibits. (R. Doc. 18, p. 1. *See also* R. Doc. 16.) Accordingly, in light of the fact that the discovery requests were, in fact, in the Court record, Amica asks the Court to reconsider its earlier ruling.

Upon review of the docket, the Court acknowledges that the missing exhibits were filed into the record after the Motion To Compel was filed. Specifically, the Motion To Compel and Deem Request for Admission of Fact Admitted (R. Doc. 13) was filed on November 13, 2008. Thereafter, on December 1, 2008, Amica filed an Ex Parte Motion For Leave To File Exhibits (R. Doc. 14). The motion was granted on December 2, 2008. (R. Doc. 16.)

Additionally, the Court notes that Amica attached documentation to the instant motion to support its position that the Rule 37.1 discovery conference was noticed in a reasonable manner. According to the documentation submitted, on October 23, 2008 counsel for Amica sent a letter via email to counsel for the Grimstads scheduling the discovery conference for October 31, 2008 at 10:00 a.m. (*See* R. Doc. 18-6, p. 1 Ex. 4, Ltr. From John P. Wolff, III and Christopher K. Jones, Oct. 23, 2008.)

---

[1] The Court issued its Order on February 2, 2009 (R. Doc. 17), and Amica filed the subject Motion for Reconsideration two days later, on February 4, 2009 (R. Doc. 18).

Therefore, in light of the foregoing circumstances, the Court, in its discretion, reconsiders its Order and hereby grants in part and denies in part Amica's Motion To Compel and To Deem Request for Admission of Fact Admitted (R. Doc. 13). The Plaintiffs, Thomas H. Grimstad and Mary Edwina Grimstad ("the Grimstads") are ordered to respond to Amica's Interrogatories and Requests for Production of Documents no later than eleven (11) days from the signing of this Order. Regarding the request to deem Requests for Admission of Fact admitted, the Court again declines to do so, and the earlier ruling of the undersigned stands as to this issue.

Accordingly,

**IT IS ORDERED** that Amica Mutual Insurance Company's **Motion For Reconsideration (R. Doc. 18)** is hereby **GRANTED IN PART and DENIED IN PART**.

- **IT IS GRANTED** as to the Court's earlier Order (R. Doc. 17) regarding the Motion To Compel responses to the Interrogatories and Requests for Production of Documents. The Grimstads are ordered to provide their full and complete responses to the Interrogatories and Request for Production of Documents **no later than eleven (11) days** from the issuance of this Order.

- **IT IS DENIED** as to the earlier ruling regarding Amica's request to deem the Requests for Admission of Fact admitted. The Court's ruling shall remain in effect as to this issue.

New Orleans, Louisiana, this <u>24th</u> day of April 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

3